Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| GLENDY IVETTE RODRÍGUEZ ORTIZ JUAN BAUTISTA DE LEÓN CARABALLO  Apelantes  Vs.  EX PARTE | TA2025AP00271 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala de Yauco en Sabana Grande  Caso Núm. GY2024CV00143  Sala: 301  Sobre: EXPEDIENTE DE DOMINIO |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de noviembre de 2025.

Comparece la parte apelante, compuesta por la señora Glendy Ivette Rodríguez Ortiz, y el señor Juan Bautista De León Caraballo. La parte apelante solicita la revocación de la Sentencia emitida el 24 de junio de 2025 por el Tribunal de Primera Instancia, Sala Superior de Yauco. El foro primario denegó la petición de expediente de dominio presentada por la parte apelante al amparo de Ley Núm. 118-2022.

Por los fundamentos expuestos en esta sentencia, *revocamos* la sentencia apelada.

*-I-*

Conforme surge del récord, el señor De León Caraballo adquirió un inmueble sito en el Barrio Verdum de Guayanilla, mediante negocio de compraventa privado entre los años 1986 y 1987, él y la señora Rodríguez Ortiz han ocupado el inmueble desde el 1989. Luego del paso del Huracán María en el 2017, la parte apelante solicitó ayuda al *Programa de Subvención en Bloque*

*para el Desarrollo Comunitario Recuperación ante Desastres o Mitigación* del Departamento de la Vivienda. En vista de la carencia de título inscribible sobre el inmueble afectado, la parte apelante fue referida al *Programa de Autorización de Títulos*, del Departamento de la Vivienda. El 29 de julio de 2024, la parte apelante presentó una petición sobre expediente de dominio al amparo de la *Ley para Acelerar los Procesos para Otorgar Títulos de Propiedad Bajo el Programa de Autorización de Títulos Adscrito al Departamento de la Vivienda*, Ley Núm. 118-2022, 17 LPRA sec. 1581 *et seq.* El día 27 de diciembre de 2024 la parte apelante publicó una citación por edicto en el Periódico *The San Juan Daily Star* a: (1) la Sucesión Pastor Mandry Mercado compuesta por John Doe y Jane Doe; y (2) cualquier persona que pudiera oponerse a la declaración de dominio a favor de la parte apelante. Pasaron los treinta (30) días establecidos en la Ley Núm. 118-2022 para brindar oportunidad a cualquier persona interesada a comparecer al procedimiento, sin comparecencia debido al aviso. El 13 de marzo de 2025 la parte apelante compareció ante el tribunal y solicitó la solución sumaria de la petición de expediente de dominio, esto en consideración a la falta de oposición a la petición transcurrido el término de treinta (30) días después de publicado el edicto. El foro primario emitió resolución en la cual denegó la petición de sentencia, y concluyó que: "no cuenta con toda la prueba necesaria para adjudicar el dominio, por lo que se requiere celebrar Vista". En una subsiguiente orden señaló vista para el 3 de abril de 2023.

El 3 de abril de 2025 el foro primario celebró la vista señalada. Los apelantes comparecieron a la vista mediante representación legal y el Ministerio Público estuvo representado por el Fiscal Antonio Cintrón. En la vista testificó el señor De León Caraballo, y el ingeniero José A. Vázquez Maldonado. El testimonio

de la señora Rodríguez Ortiz quedó a disposición del Ministerio Público, pues resultaría acumulativo. El foro primario admitió como evidencia los documentos estipulados por la parte apelante, y el Ministerio Público: 1) Certificación Registral Negativa de Propiedad Inmueble; 2) Certificación de Mensura; 3) Plano de Mensura; 4) Notificaciones de Mensura a los Colindantes Evelynda Pérez, Ángel Sánchez y Lydia Pérez ; 5) Estado de Cuenta del CRIM; 6) Recibos de compraventa y pagos realizados al dueño anterior; 7) Declaración Jurada del periódico que publicó el edicto y tira del edicto publicado; 8) Certificación de Solicitud de Expediente de Dominio, emitida por el *Programa de Subvención en Bloque para el Desarrollo Comunitario Recuperación ante Desastres o Mitigación* del Departamento de la Vivienda. En la vista, el tribunal ordenó a la parte apelante a presentar un proyecto de resolución de expediente de dominio. El 7 de abril de 2025 la parte apelante presentó el borrador solicitado por el tribunal. El 5 de mayo de 2025 el foro apelado ordenó a la parte apelante a presentar la *Certificación de Titularidad.*

El 9 de mayo de 2025 la parte apelante presentó: (1) Anejo 1- Certificación de Titularidad 2025; y (2) Anejo 2-Certificación de Titularidad 2024. El 19 de mayo de 2025 el tribunal ordenó a la parte apelante a comunicarse "con el Ministerio Público en torno a los anejos presentados e informe resultado". El 30 de mayo de 2025 la parte apelante informó el resultado de la consulta al Ministerio Público. Según el correo electrónico enviado por el fiscal, el Estado no tuvo reparo respecto al contenido de los certificados de titularidad. Sometida la petición, el foro de primera instancia denegó el expediente de dominio. En la sentencia apelada el tribunal consignó las siguientes determinaciones de hechos:

1)  La parte peticionaria es Glendy Ivette Rodríguez Ortiz y Juan Bautista de León Caraballo.

2) La finca objeto de la presente acción, conforme a la mensura realizada por el Ingeniero José A. Vázquez Maldonado, licencia 11115, a tenor con Plano y Certificación de Mensura de 9 de julio de 2024 es el siguiente:

> RÚSTICA: Predio de terreno ubicado en el Barrio Verdum del Municipio de Guayanilla. Con una cabida de seiscientos sesenta y seis puntos tres mil ochocientos siete metros cuadrados (666.3807 m.c.). Colinda por el NORTE con la Calle Cotorra; por el SUR con el Sr. Ángel L. Sánchez Caraballo; por el ESTE con la Sra. Lidia Pérez García y por el OESTE con Evelinda Pérez Torres.

3) La propiedad descrita no consta inscrita en el Registro de la Propiedad, según Certificación Negativa de Propiedad Inmueble número 2024-024155 expedida por el Registro de la Propiedad de Ponce Sección II de 25 de julio de 2024.

4) La petición de epígrafe se presentó en virtud del procedimiento expedito establecido en la Ley 118-2022.

5) La Certificación de Solicitud de Expediente de Dominio presentada por la parte peticionaria no cumple con el procedimiento establecido en la Ley 118-2022.

6) La parte peticionaria no justificó el dominio de la finca objeto de esta petición.

El tribunal concluyó incumplimiento de la parte apelante con la ley especial, debido a diferencias de contenido entre las certificaciones de titularidad presentadas por la parte apelante. En cuanto a estas el tribunal concluyó:

> De la faz de los anejos presentados, surge que se trata de 2 documentos con contenido diferente, con datos contradictorios sobre la adquisición del dominio y de la propiedad, suscritos por los peticionarios en 2 fechas distintas y solo uno de ellos juramentado por los peticionarios. Incluso, el Anejo 1 denominado Certificación de Titularidad 2025 fue firmado y juramentado en fecha posterior a la vista en su fondo celebrada en el presente caso, es decir posterior a que el Departamento de la Vivienda expidiera Certificación de Solicitud de Expediente de Dominio. Este documento no fue considerado ni evaluado por el Departamento de la Vivienda a los efectos de expedir la Certificación de Solicitud de Expediente de Dominio que tiene fecha de 15 de julio de 2024. En este caso, concluimos que

la Certificación de Solicitud de Expediente de Dominio incluida con la Petición de Expediente de Dominio presentada por los peticionarios no cumple con los requisitos establecidos en la Ley 118-2022.

El foro primario rechazó la reconsideración presentada por la parte apelante. Inconforme, comparece ante este foro y señala los siguientes errores:

Erró el Tribunal de Primera Instancia al concluir que la parte peticionaria no justificó el dominio de la finca objeto de la petición, a pesar de la evidencia presentada que acreditaba la posesión de la propiedad en concepto de dueños por parte de los peticionarios-apelantes, conforme a derecho.

Erró el Tribunal de Primera Instancia al conceder gran peso y valor probatorio a un hecho irrelevante e inmaterial, como es la supuesta contradicción entre documentos emitidos por el Departamento de la Vivienda, sin valorar su contexto ni la evolución del proceso administrativo.

Procedemos a resolver con el beneficio de la comparecencia de la parte apelante, el contenido del expediente y el derecho aplicable.

**-II-**

La *Ley para Acelerar los Procesos para Otorgar Títulos de Propiedad Bajo el Programa de Autorización de Títulos Adscrito al Departamento de la Vivienda*, Ley Núm. 118-2022, 17 LPRA sec. 1581 *et seq.* permite a los beneficiarios de los *Programas de Subvención en Bloque para el Desarrollo Comunitario Recuperación ante Desastres y Mitigación* que carecen de un título inscribible sobre su propiedad presentar ante el tribunal una solicitud expedita de expediente de dominio. La Ley Núm. 118-2022 tiene el propósito de "crear trámites expeditos para que las personas que no poseen título de propiedad de su vivienda, [...] puedan obtener un título de propiedad que tenga acceso al Registro de la

Propiedad".[1] Para iniciar el procedimiento, el solicitante debe presentar un escrito juramentado en la sala del Tribunal de Primera Instancia competente. El escrito juramentado contendrá lo siguiente:

1) Certificación de Solicitud de Expediente de Dominio/Reanudación de Tracto Sucesivo por el Departamento de la Vivienda la cual tendrá que cumplir con los siguientes requisitos:

    i. Nombre de la persona solicitante que es elegible al Programa CDBG-DR;

    ii. Certificación de Titularidad conforme Artículo 3 de esta Ley;

    iii. La propiedad de la persona solicitante carece de inscripción registral o de tracto registral; y

    iv. Firmada por el Secretario de la Vivienda o su representante designado.[2]

El Artículo 3 (c) de la Ley Núm. 118-2022 establece que la Certificación de Titularidad deberá tener anejado mínimo uno de los siguientes documentos:

c) La Certificación de Titularidad deberá estar acompañada de uno de los siguientes documentos, según aplique:

    i. Testamento y Certificación Acreditativa de Testamento expedida por el Registro General de Competencias Notariales de la Oficina de Inspección de Notarías, en la cual se confirme que el mismo no ha sido revocado ni modificado;

    ii. Documento que acredite que la persona solicitante heredó el título de la propiedad afectada;

    iii. Declaratoria de Herederos con descripción de los bienes del causante;

    iv. Si en la declaratoria de herederos o el testamento no se describen los bienes, deberá acompañarse la Instancia o Relevo de Hacienda;

    v. Orden Judicial o Sentencia del Tribunal concediendo la titularidad o algún interés propietario sobre la propiedad;

    vi. Escritura de Liquidación de Bienes;

---

[1] 17 LPRA sec. 1581.
[2] *Íd.*

    vii.    Contrato privado de compraventa, cesión o donación;

    viii.    Evidencia de "permiso de uso" o "permiso de construcción" de acuerdo con las leyes y reglamentos aplicables;

    ix.    Certificado de Defunción del propietario, en caso de que este haya fallecido;

    x.    Certificado de Matrimonio de los propietarios;

    xi.    Correspondencia de FEMA cursada a la persona solicitante que acredite que aplicó y recibió Asistencia Individual de FEMA por daños a la propiedad;

    xii.    Seguro de propiedad que indique la dirección de la propiedad damnificada;

    xiii.    Estado de cuenta expedido por el Centro de Recaudación de Ingresos Municipales (CRIM) con no más de treinta (30) días de expedido;

    xiv.    Escritura de Segregación

    xv.    Escritura de Cesión

    xvi.    Acta de Edificación

    xvii.    Escritura sobre Derecho de Superficie;

    xviii.    Cualquier otra documentación que pueda ser considerada caso a caso, conforme a las normas y reglamentos que establezcan las Agencias, Corporaciones Públicas, Instrumentalidades y Municipios;

    xix.    Cualquiera de los documentos notariales dispuestos en los artículos siguientes;

        1. En caso de que el solicitante no cuente con ninguno de los documentos de este inciso, podrá utilizar los procedimientos establecidos para asuntos no contenciosos ante notario para recoger la declaración de tres testigos, propietarios colindantes, que acrediten que el solicitante ha habitado el inmueble por el término que esta Ley dispone para la usucapión.[3]

El Artículo 13 de la Ley 118-2022, 17 LPRA sec. 1593 establece el procedimiento y requisitos de presentación de una

---

[3] 17 LPRA sec. 1583.

petición de expediente de dominio expedita en los siguientes

términos:

> Se establece un procedimiento especial expedito de expediente de dominio, reanudación de tracto y usucapión para inscribir la propiedad a favor de las personas solicitantes elegibles de los Programas CDBG-DR o MIT. Las personas solicitantes cuya propiedad no esté inscrita en el Registro de la Propiedad, cuya propiedad carezca de tracto registral, o haya poseído en calidad de dueño de forma pública, pacífica e ininterrumpida, por el término establecido en este capítulo, tendrá que cumplir con los siguientes requisitos:

>> (a) Presentará un escrito en la sala del Tribunal de Primera Instancia correspondiente al lugar en que radiquen los bienes, o en la de aquel en que radique la porción de mayor cabida cuando se trate de una finca que radique en varias demarcaciones territoriales. Si se presenta el escrito ante una sala sin competencia, el tribunal de oficio, lo trasladará a la sala correspondiente. El escrito, deberá estar debidamente juramentado mediante un o una profesional de la notaría y contendrá las siguientes alegaciones:

>>> (1) Certificación de Solicitud de Expediente de Dominio/Reanudación de Tracto Sucesivo por el Departamento de la Vivienda la cual tendrá que cumplir con los siguientes requisitos:

>>>> (A) Nombre de la persona solicitante que es elegible al Programa CDBG-DR;

>>>> (B) Certificación de Titularidad conforme a la sec. 1583 de este título;

>>>> (C) La propiedad de la persona solicitante carece de inscripción registral o de tracto registral; y

>>>> (D) Firmada por el Secretario de la Vivienda o su representante designado.

>>> (2) Nombre y circunstancias personales del promovente y de su cónyuge, si lo tuviera, al momento de adquirir la propiedad y al momento de hacer la solicitud, si hubiera alguna diferencia.

>>> (3) La descripción exacta de la propiedad con sus colindancias y cabida de acuerdo a los títulos presentados. Si la finca se formó por agrupación, deberán además,

describirse individualmente las fincas que la integraron, y si fue por segregación se describirá la finca principal de la cual se separó.

(4) Número de Catastro según aparece en el Centro de Recaudación de Ingresos Municipales.

(5) Una relación de las cargas que gravan la finca por sí o por su procedencia. En caso de no existir cargas, se expresará que está libre de cargas.

(6) Una relación de los anteriores dueños conocidos con expresión de las circunstancias personales del inmediato anterior dueño, incluyendo aquellos que así consten mediante certificación expedida por el Registro de la Propiedad.

(7) El modo en que adquirió del inmediato anterior dueño.

(8) El tiempo que el promovente y los dueños anteriores han poseído la propiedad de manera pública, pacífica, continua y a título de dueños.

(9) Si la finca resulta ser una segregación de una finca de mayor cabida que consta inscrita, la segregación tiene que haber sido aprobada por la agencia gubernamental correspondiente mediante plano de inscripción. Constituirá justo título a los efectos de esta sección, un título de dominio sobre una porción proindivisa en una finca no segregada, y el título que recae sobre una finca segregada de una finca inscrita en el registro.

(10) El valor actual de la finca.

(11) Enumerar los documentos que el o la profesional de la notaría revisó para constatar las alegaciones.

(12) Las demás alegaciones que en derecho procedan en cada caso.

(b) El tribunal ordenará la citación personal de los siguientes:

(1) El inmediato anterior dueño o sus herederos, si fueren conocidos, en caso de no constar en escritura pública la transmisión. Se entenderá como inmediato anterior dueño, en el caso de que los promoventes sean herederos, aquel de quien el causante adquirió la propiedad.

(2) Las personas que tengan cualquier derecho real sobre la finca objeto del procedimiento, de conocerse.

(c) El tribunal ordenará la citación mediante edicto de los siguientes:

(1) Las personas ignoradas o desconocidas a quienes pueda perjudicar la inscripción solicitada.

(d) Forma, plazo y contenido del edicto. El edicto se publicará según las normas de procedimiento civil, luego de la presentación del escrito juramentado, en un periódico de circulación general diaria en Puerto Rico, a fin de que comparezca toda persona que alegue poseer un interés propietario sobre la finca y que pretenda demostrar y defender su derecho. Deberá contener la descripción de la finca que será objeto de inmatriculación y de tratarse de una finca agrupada, las descripciones de las fincas que la comprenden. En el plazo improrrogable de treinta (30) días a contar de la fecha de la publicación del edicto, los interesados y las partes citadas, o en su defecto los organismos públicos afectados, podrán comparecer ante el tribunal, a fin de alegar lo que en derecho proceda.

Por último, el Articulo 14 de la Ley Núm. 118-2022, 17 LPRA sec. 1594, establece:

El tribunal citará a vista luego de transcurridos los treinta (30) días de haberse publicado el edicto o haberse notificado la solicitud de expediente de dominio, reanudación de tracto sucesivo o usucapión a las partes interesadas, solo si las alegaciones y la prueba presentada no son suficientes por sí solas para que el tribunal pueda dictar sentencia conforme al remedio solicitado.

De no haber oposición, si el tribunal entiende que la prueba presentada es suficiente para acreditar el cumplimiento de todos los requisitos contenidos en la sec. 1591 de este título, el tribunal dictará resolución en el término de treinta (30) días de haberse vencido el término de la notificación.

### -III-

En síntesis, el tribunal apelado concluyó que la parte apelante no justificó el dominio de la propiedad inmueble objeto de la petición de autos. Debido a que, la Certificación de Solicitud de Expediente de Dominio emitida por el Departamento de la Vivienda

no cumplió con el procedimiento establecido en la Ley Núm. 118-2022.

El impacto de los huracanes Irma y María en Puerto Rico en el mes de septiembre de 2017 generó pérdidas catastróficas multimillonarias que afectaron a los ciudadanos en general. *Con. Tit. 76 Kings Court v. MAPFRE*, 208 DPR 1018, 1029–1030 (2022). Estos eventos atmosféricos provocaron una crisis socioeconómica sin precedentes en la historia reciente local. *Íd.* En consideración a esta crisis, la Asamblea Legislativa aprobó la Ley Núm. 118-2022 como una herramienta para acelerar la otorgación de títulos de propiedad para el sector poblacional afectado por las catástrofes acaecidas en el 2017 y las siguientes. Artículo 1, Ley Núm. 118-2022, 17 LPRA sec. 1581. La obtención de un título de propiedad permite a la población, cuyos hogares sufrieron daños tras el paso de los siniestros del 2017, y subsiguientes, recibir ayuda económica mediante los programas de recuperación y mitigación de desastres administrados por el gobierno local, pero subvencionados con fondos provenientes del tesoro federal. *Íd.*

En vista del letargo que presupone el trámite ordinario judicial en este tipo de caso, y que, las subvenciones federales cuentan con fecha límite de uso y distribución, el legislador colocó en la Ley Núm. 118-2022 varios procedimientos legales para "flexibilizar y agilizar los procesos de titularidad para lograr su inscripción en el Registro de la Propiedad". Artículo 2, Ley Núm. 118-2022, 17 LPRA sec. 1582. Lo anterior con el fin de promover la política pública clara del Gobierno de Puerto Rico de agilizar la administración y uso eficiente de los fondos de recuperación y mitigación de Puerto Rico, y solucionar, en parte, la problemática de la informalidad en los títulos en muchas de las propiedades locales. Véase, Exposición de Motivos, Ley Núm. 118-2022.

Los apelantes han sufrido las consecuencias de los desastres que han ocurrido en Puerto Rico en los pasados años. Especialmente el embate del Huracán María en el año 2017, así como el terremoto en el año 2020 cuyo epicentro fue cercano al hogar de los apelantes. Estos son participantes elegibles del Programa de Subvención en Bloque para el Desarrollo Comunitario CDBG-DR/MIT, debido a lo anterior, y a su falta de título, fueron referidos al Programa de Autorización de Títulos del Departamento de la Vivienda.

Las formalidades del procedimiento, las sustantivas y las procesales requeridas en una petición del expediente de dominio expedito están particularmente reguladas en los Artículos 13 y 14 de la Ley Núm. 118-2022, para que, todo solicitante elegible a los programas de recuperación y mitigación ante desastres que carezca de título inscribible sobre su propiedad pueda inmatricular su predio, conforme a derecho. La parte promovente del expediente de dominio debe cumplir con los requisitos legales que emanan de la Ley Núm. 118-2022. La parte apelante notificó la petición de expediente de dominio a todas las personas que pudieran tener interés en la propiedad mediante la publicación de un edicto, también notificó a los colindantes, inclusive al dueño anterior. Ninguno de los anteriores compareció ante la sala del tribunal a oponerse a lo solicitado.

La parte apelante también cumplió con presentar suficiente prueba demostrativa sobre su adquisición del dominio y posesión de la propiedad inmueble objeto de la petición entre el 1986-1987 hasta el presente. La parte apelante estableció que: (1) ha poseído la propiedad como legítimo dueño; (2) adquirió la propiedad legítimamente por compra a la Sucesión de Pastor Mandry; (3) las dimensiones del predio no han cambiado desde su compra; (4) la propiedad no consta inscrita en el Registro de la Propiedad; (5) por

razón de haber hecho suya la propiedad informalmente, solicita una declaración judicial de dominio a su favor.

La parte apelante también cumplió con todos los requisitos estatutarios para la presentación del recurso. Todo lo anterior en cumplimiento con el Artículo 13 y 14 de la Ley Núm. 118-2022. Conforme surge del expediente judicial las siguientes circunstancias quedaron cumplidas en relación con la propiedad de la parte apelante:

1. No existen otras personas, naturales o jurídicas, que tengan derecho a reclamar la titularidad,

2. Cualquier persona, natural o jurídica, con derecho a reclamar la titularidad ha acordado participar conjuntamente como co-solicitante en el Programa, o

3. Luego de intentos razonables, no se pudo localizar a ninguna persona, natural o jurídica, con derecho a reclamar la titularidad.

Artículo 3(b)(5), Ley Núm. 118-2022, 17 LPRA sec. 1583.

Aunque el Ministerio Público no presentó reparo a la inscripción del título de los apelantes o al contenido de la prueba documental presentada, no surge de los Artículos 13 y 14 de la Ley Núm. 118-2022 que fuera necesaria su comparecencia. Las disposiciones de los Artículos 185-194 de la *Ley del Registro de la Propiedad Inmobiliaria*, Ley Núm. 210-2015 no aplican a este tipo de procedimiento sumario. Artículo 21, Ley Núm. 118-2022, 17 LPRA sec. 1601;[4] *Ex parte Román Quiles*, 2025 TSPR 45. Es decir, no procedía, conforme a derecho, la citación del Ministerio Público a la petición de expediente de dominio expedita presentada por los apelantes al amparo de la Ley Núm. 118-2022. Igualmente sucede con la presentación junto a la petición del expediente de dominio

---

[4] "Las disposiciones de esta ley especial prevalecerán sobre cualquier otra ley especial salvo que otra cosa se disponga mediante ley posterior".

del plano de mensura, y la certificación de mensura correspondiente a la propiedad de los apelantes. El Artículo 13(a)(3) de la Ley Núm. 118-2022, 17 LPRA sec. 1593, solo requiere "[l]a descripción exacta de la propiedad con sus colindancias y cabida de acuerdo [con] los títulos presentados". La descripción de la finca en el *Exhibit* 1 que acompaña la petición de expediente de dominio es suficiente para propósitos de este procedimiento expedito. Contiene la descripción de la finca requerida por el Artículo 13(a)(3) de la Ley Núm. 118-2022. Tampoco era necesaria la comparecencia del agrimensor a la vista de evidencia señalada por el tribunal. No podemos permitir que, las partes o el tribunal impongan a los solicitantes de un expediente de dominio expedito cargas adicionales no requeridas en los Artículos 13 y 14 de la Ley Núm. 118-2022. *Ex parte Román Quiles*, *supra*.

Corresponde al tribunal ejercer su discreción de forma equilibrada e interpretar el concepto de pertinencia, cónsono con el principio rector de las reglas procesales y la política pública detrás de la Ley Núm. 118-2022, la cual requiere excluir cualquier requisito extraño o que, no guarde una conexión razonable con la presentación de una petición de expediente de dominio expedita. Los tribunales y las partes deben ceñirse a lo dispuesto en los Artículos 13 y 14 de la Ley Núm. 118-2020, tanto para los requisitos sustantivos como para los procesales que interpela el procedimiento del expediente de dominio expedito.

Por último, en lo relacionado al alcance del procedimiento de expediente de dominio "[l]a declaración de estar o no justificado el dominio no impedirá que se pueda presentar posteriormente una acción ordinaria contradictoria de dominio por quien se considere perjudicado, sin perjuicio de lo dispuesto en esta Ley respecto a tercero". Artículo 192 de la Ley Núm. 210-2015, 30 LPRA sec.

6298. Lo anterior se debe a que el expediente de dominio se trata de un trámite judicial *ex parte* que no declara derechos, sino que justifica el dominio del promovente, por lo que no se podrá considerar como cosa juzgada. *Rodríguez v. Registrador*, 75 DPR 712, 732 (1953); *Benítez v. Registrador*, 71 DPR 563, 568 (1950).

***-IV-***

Por los fundamentos aquí expuestos, los que hacemos formar parte de este dictamen, *revocamos* la sentencia apelada y *ordenamos* la devolución del caso al Tribunal de Primera Instancia para que continue con los procesos, conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
